UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALEXANDER LEE                                                                                               PLAINTIFF

v.                                              No. 2:21-CV-02090

FCA US LLC                                                                                                DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 20) for protective order and proposed protective order (Doc. 20-1). Defendant FCA US LLC previously filed a stipulated protective order (Doc. 19) without Court approval, and this stipulated protective order will be removed from the docket to avoid confusion. For the reasons set forth below, the Court will GRANT the motion and enter the proposed protective order with some amendment.

Federal Rule of Civil Procedure 26(c)(1)(G) provides "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties request the protective order allow the parties to designate documents and information as "Confidential." The proposed protective order defines "Confidential" as any information, document, or thing that contains:

1

> a) trade secrets, competitively sensitive research, development, proprietary, technical, marketing, financial, sales or other confidential business information;
> b) private or confidential personal information;
> c) information received in confidence from third parties; or
> d) any portion of a party's response that contains trade secret or other confidential research, development or commercial information, or information otherwise considered confidential under applicable law.

(Doc. 20-1, pp. 1-2).

The parties have shown good cause for the entry of a protective order as to documents containing trade secrets or other confidential commercial information. Trade secrets and confidential commercial information fall squarely within the ambit of 26(c). "Where discovery of confidential commercial information is involved, the court must balance the risk of disclosure against the risk that a protective order will impair prosecution or defense of the claims." *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will neither impair prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order.

The parties' proposed protective order also includes private or confidential personal information. The proposed protective order does not specifically list what information qualifies as private or confidential personal information, but the Court will interpret this to mean sensitive personally identifying information including, but not limited to, social security numbers, birthdates, bank account numbers, medical records, and other similar sensitive personal information. Given the heightened privacy interest in the information to be protected and the public policy against public disclosure of that information, the Court finds the parties have shown sufficient good cause to have the requested information produced subject to a protective order. The Court will separately enter a revised protective order.

IT IS THEREFORE ORDERED that the parties' joint motion (Doc. 20) for protective order is GRANTED as stated herein.

IT IS SO ORDERED this 12th day of November, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE